UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ADAM I. LEWIS                                                    PLAINTIFF

V.                                   CIVIL ACTION NO. 3:23-CV-472-DPJ-ASH

FUSIO MEDICAL DEVICES, LLC, AND
ALEVIO, LLC                                                     DEFENDANTS

ORDER

Plaintiff Adam I. Lewis has filed a motion to extend the unexpired case-management

deadlines in this case and to continue the current jury trial setting to a latter nonjury trial date.

Mot. [30]; Supp. Mot. [31] (disclosing Defendants' opposition). Defendants Fusio Medical

Devices, LLC and Alevio, LLC oppose Lewis's motion. Resp. [32]. As explained below, the

Court grants the motion as to the deadlines and a continuance, but denies without prejudice

Lewis's request for a nonjury trial.

I.      Facts and Procedural History

Lewis, a physician, alleges that in 2016 he entered into two royalty agreements with

Fusio to compensate him for sales by Fusio of two medical devices: the Joint Fusion System and

Bone Dowels. Am. Compl. [14] ¶¶ 8–9. Lewis believes Fusio assigned its rights and obligations

under the two royalty agreements to Alevio, and Lewis refers to the two entities interchangeably

throughout his complaint. *Id.*, ¶ 10. According to Lewis, starting in the second quarter of 2021,

Defendants failed to pay him the royalties owed for sales of the Joint Fusion System and Bone

Dowels. *Id.* at ¶ 14. He also alleges that since that time Defendants have either failed to provide

or been late in providing reports required by the parties' agreements. *Id.*, ¶ 16. He claims

Defendants wrongfully rejected his pre-suit request for a books-and-records inspection. *Id.*, ¶ 19.

His claim to relief is based in breach of contract. *Id.*, ¶ 26. In his complaint, he demands a jury trial. *Id.*

The Court held a case-management conference with the parties on November 14, 2023. The initial case-management order set a February 21, 2024 deadline for plaintiff's expert disclosures, and March 21, 2024 deadline for defendants' disclosures. *See* CMO [11]. Those deadlines expired prior to Lewis filing his motion. The case management order also set a May 21, 2024 discovery deadline and set the case for jury trial during the Court's November 4, 2024 civil trial calendar. *Id.*

On April 25, 2024, Defendants moved [21] for an extension through May 10, 2024, to respond to Lewis's written discovery requests, which prompted Lewis to file an unopposed motion [23] to extend the discovery, dispositive motions, and *Daubert*-type motions deadlines. The Court granted both motions by separate text-only orders. The current, unexpired deadlines as of the filing of Lewis motion are as follows:

> Discovery: June 20, 2024
>
> Dispositive/*Daubert*-type Motions: July 5, 2024
>
> Pretrial Conference: October 11, 2024
>
> Jury Trial: Two-Week Term of Court beginning November 4, 2024.

*See* May 7, 2024 Text-Only Order; CMO [11].

In his motion, Lewis claims that more time is necessary for discovery based on extensions Defendants obtained to respond to discovery, Defendants' delay in responding to Lewis's good-faith letter, and several disputes over core discovery issues, such as the scope of a books-and-records inspection related to the two royalty agreements. Lewis asks that the Court

extend all remaining deadlines and continue the trial date to allow more time for discovery. Supp. Mot. [31] ¶ 9. Lewis never identifies *how much* additional time he seeks for discovery.

Defendants contend that most of the delay is self-inflicted because Lewis waited several months to serve discovery, and that Lewis already received an extension to account for the additional time Defendants obtained to answer discovery. Defendants attribute their delay in responding to Lewis's good-faith letter to being busy in trial in another matter and argue it is insufficient to justify the requested extensions.

In addition to seeking an extension of the remaining deadlines, Lewis also "requests a bench trial, instead of a jury trial." Supp. Mot. [31] ¶ 9. Lewis devotes no more than one clause of a single sentence to this request, and he cites no authority. Defendants opposed Lewis's motion, but they do not address this issue in their response.

II.     Analysis

A.      Extension of Unexpired Deadlines and Continuance of the Trial Date

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)).  The Court should consider four factors in assessing whether the movant has demonstrated good cause: "(1) the explanation of for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting

*Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)) (alterations in *Squyres*).

In his motion, Lewis does not directly address any of these factors. But he offers three justifications for an extension. First, he says Defendants sought extensions to respond to his discovery and that they have been slow to address the issues raised in his good-faith letter, including the dispute over the meaning of books and records. Supp. Mot. [31] ¶¶ 4, 6–7. Next, he contends that more time is necessary to develop a record to adjudicate the meaning of books and records, which he identifies as a crucial issue in the case. *Id.*, ¶¶ 11–12. Finally, Lewis's counsel claims that she is a solo practitioner who has been beset by other deadlines. *Id.*, ¶ 10.

Although Lewis's explanations for why he has been unable to meet the discovery deadline are generally weak, the Court finds the remaining factors weigh in favor of an extension.[1] Because this dispute centers on what royalty payments and financial reporting Defendants owed to Lewis, the scope and inspection of Defendants' books and records and the need for additional discovery is important to Lewis. Lewis should have started the process sooner, but a denial of an extension at this stage could render him unable to develop his case on this important issue. And though Defendants complain that the "extensions prejudice the Alevio Defendants by forcing them to incur additional legal fees as Plaintiff drags this case out," Resp. [32] ¶ 19, the Court finds that a brief continuance of all remaining deadlines—especially where the Court has granted no prior trial continuances—will cure any prejudice.

---

[1] Additionally, some of the weakness of Lewis's excuse is offset by minor delay caused by Defendants, which they attribute to their counsel also juggling competing deadlines.

B.      Lewis's Request for a Nonjury Trial

As to Lewis's attempt to convert this case from a jury trial to a nonjury trial, the Court

finds that he has failed to comply with Federal Rules of Civil Procedure 38 and 39 or otherwise

demonstrate he is entitled to relief. Rule 38(d) prohibits a party from withdrawing a proper jury

demand absent consent of all parties. This "allows other parties to rely on one party's demand"

by limiting how it may be withdrawn. *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1214 (5th Cir.

1986). "Rule 39(a) defines the protection provided by Rule 38(d); Rule 39(a)(1) requires

consent, and provides the procedure for consensual withdrawal of a jury demand…." *Id.*

Rule 39(a) therefore specifically protects the party who, relying on another party's jury demand,

waives his own right by not demanding a jury." *Id.*

Defendants fail to specifically address Lewis's request for a nonjury trial. This is

understandable since Lewis fails to cite Rule 38, Rule 39, or any applicable law, and also fails to

unambiguously state he wishes to withdraw his jury demand. He merely asks in passing for a

nonjury trial in lieu of a jury trial. Because Lewis has failed to comply with Rule 39's procedure

for withdrawing his jury demand, the Court denies this part of his motion without prejudice.

Should the parties stipulate to a nonjury trial in accordance with Rule 39, Lewis may reurge the

issue.

III.    Conclusion

For these reasons, Lewis's motion as supplemented [30] [31] is granted as to the request

for an extension of the remaining deadlines and a trial continuance.  The new deadlines are as

follows:

Discovery: October 3, 2024

Dispositive/*Daubert*-type Motions: October 17, 2024

Motions *in Limine*: January 24, 2025

ADR Report: February 7, 2025

Pretrial Conference: February 14, 2025, at 9:00 AM

Jury Trial: Two-Week Term of Court beginning March 17, 2025, at 9:00 AM

The settlement conference remains set for August 16, 2024, at 9:00 AM. Further extensions of these deadlines will not be permitted absent a more extensive showing under Federal Rule of Civil Procedure 16(b)(4) and the applicable factors.

As to Lewis's request for a nonjury trial, the Court denies Lewis's request without prejudice.

**SO ORDERED AND ADJUDGED** this the 1st day of July, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE