UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ADAM I. LEWIS                                                                                                    PLAINTIFF

V.                                                                               CIVIL ACTION NO. 3:23-CV-472-DPJ-ASH

FUSIO MEDICAL DEVICES, LLC ET AL                                                                    DEFENDANTS

ORDER

This case is before the Court on non-party Lauren Chase Thornburg's Motion to Quash Subpoena Duces Tecum [67]. Defendants Fusio Medical Devices, LLC and Alevio, LLC filed their Response in Opposition [70], and Thornburg filed his Rebuttal [75]. Thornburg also filed his Motion to Strike [75] Defendants' response. Having considered the Motion to Quash and the Motion to Strike and the applicable law, the Court denies both Motions [67] and orders Thornburg to comply with the subpoena on the conditions set forth in this order.

**I.      Background**

On August 29, 2024, Defendants filed a Notice of Intent to Serve Subpoena upon Lauren Chase Thornburg, Lewis's co-inventor and engineer. *See* Ex. 7, Thornburg Patent Application [70-7]. On September 17, 2024, Thornburg filed his motion to quash, asking the Court to quash the subpoena because it seeks information that is confidential and irrelevant to this action, and because it allegedly demands compliance beyond the 100-mile limitation provided by Federal Rule of Civil Procedure 45(c)(2)(A). He additionally argues that no financial arrangement is in place to compensate him for compliance with the subpoena. Defendants' Response in Opposition asserts that Thornburg's motion is untimely and meritless. Having been fully briefed, the Court addresses each issue in turn.

1

## II.    Discussion

This discovery matter involving a subpoena for documents is before the Court on a motion to quash that Thornburg elected to file in the issuing district. The movant seeking to quash a subpoena duces tecum bears the burden to show that the production sought might be harmful. *See Scott v. Southern Electric Supply Company, Inc.*, No. 3:13-cv-119-SA-SAA, 2013 WL 12411044, at *2 (N.D. Miss. June 11, 2013). Once the movant meets its burden, the burden then shifts to the party seeking discovery to show that the requested information is relevant and necessary. *Id.* (citing *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 391 (N.D. Tex. 2003)).

As the movant, Thornburg fails to meet his burden. In his two-page motion, unaccompanied by any evidence or supporting law,[1] he argues that the subpoena seeks "disclosure of confidential research, development, and commercial information of both Thornburg and Dr. Adam Lewis." Mot. [67] at 2. Thornburg's general and conclusory statements are insufficient to establish any harm caused by the disclosure required by the subpoena. *See* 2013 WL 12411044, at *2 (finding a movant offering only "argument, opinion, speculation and conjecture" failed to demonstrate harm from disclosure of information sufficient to warrant quashing the subpoena).

Even if the Court were to assume Thornburg satisfied his burden, Defendants have shown the requested information is relevant and necessary. Subpoenas issued for discovery purposes, such as those at issue here, are subject to the discovery limitations outlined in Fed. R. Civ. P. 26(b). Wright & Miller, Federal Practice & Procedure, Civil 3d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible

---

[1] Thornburg cites one decision in his rebuttal, but it relates only to timeliness of his motion to quash.

evidence as is required by the last sentence of Rule 26(b)(1).")."). Parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Thornburg argues the information sought by Defendants "may not be relevant." Mot. [67] at 2. The Court disagrees, at least for purposes of the scope of discovery. In this action, Defendants raise an affirmative defense that Lewis breached the royalty agreements. *See* Amend. Ans. [48] at 2. Discovery rules are given a "broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials." *Vines v. Wyatt Energy Res., LLC*, No. 5:20-cv-115-DCB-MTP, 2021 WL 1109385 (S.D. Miss. Jan. 5, 2021) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)). Defendants' response adequately explains the nexus between their defenses in this action and the necessity of discovery sought.

After the non-movant meets its burden of proof, the Court must then balance the need for the requested information against the claim of injury resulting from disclosure. *See Cmedia, LLC*, 216 F.R.D. at 391. Again, Thornburg has not satisfied his initial burden. Nonetheless, during a September 19, 2024 Discovery Conference attended by counsel for Lewis, Defendants, *and Thornburg*, both Lewis and Defendants agreed to the entry of a protective order concerning the materials sought from Thornburg.[2] Thornburg continued to object altogether to the subpoena. The Court finds it an appropriate precaution to enter a protective order limiting the disclosure of Thornburg's documents and related testimony to "Attorneys' Eyes Only." A protective order will place limits on the use and disclosure of confidential information produced by Thornburg pursuant to the subpoena.

---

[2] Unfortunately, Lewis and Defendants have been unable to agree on the form of a protective order. The protective order attached to this order is based on the competing submissions from the parties.

Thornburg raises a few other arguments about the validity of the subpoena. He contends the subpoena violates Rule 45(c) because it commanded him to produce documents at Alpharetta, Georgia, or alternatively, allowed him to mail them to Jackson, Mississippi. This argument lacks merit. Pursuant to Rule 45(c)(2), "A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2). Here, the subpoena commands Thornburg to produce documents at 555 North Point Center E #403, Alpharetta, GA 30022. This location is within 100 miles of Thornburg's residence address. *See* Memo. [71] at 6. Providing Thornburg the *option* to mail the documents to Jackson does not invalidate the subpoena.[3] Additionally, he claims Defendants cannot subpoena documents from him because they failed simultaneously to command his presence for a deposition. Thornburg cites Fed. R. Civ. P. 45(d)(2)(A), but he misapplies this provision. It is true Thornburg was not required to *personally* deliver the documents. He could, for example, send them via courier. Accordingly, the Court finds that Defendants properly complied with Rule 45(c).

Thornburg's separate Motion to Strike seeks to strike exhibits attached to Defendants' response and to compel the production of the entire deposition of Lewis for Thornburg's review. This motion fails to cite any supporting authority, fails to attach a memorandum brief as required by Local Rule 7(b)(4), and is immaterial to Thornburg's failure to meet his burden on his motion to quash.

---

[3] Lewis confirmed during the Discovery Conference that Thornburg already voluntarily mailed to Lewis's counsel a copy of what Thornburg believed to be responsive to the subpoena. Lewis's counsel's office is in Jackson, Mississippi—the same place of mailing offered by Defendants.

4

Defendants argue Thornburg's motion is untimely under Federal Rule of Civil Procedure 45(d)(2)(B). That rule provides: "[An] objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Thornburg did not serve objections. Instead, he filed his motion to quash on the compliance date, September 17, 2024—19 days after Defendants served their subpoena. A separate provision of Rule 45 addresses quashing or modifying a subpoena and states that "[o]n timely motion, the court . . . must quash or modify a subpoena." Fed. R. Civ. P. 45(d)(3)(A). The rule does not specify what constitutes 'timely.' *See id.* The briefing fails to address these differences. Several courts, however, have found that a motion to quash is timely if it is filed by the date of compliance. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 615 (N.D. Tex. 2018) (collecting cases); *see also Bell v. Inc. v. GE Lighting, LLC*, 2014 WL 1630754, at *9 (W.D. Va. Apr. 23, 2014) ("Th[e] examination [of the timeliness of a motion to quash] is slightly different than asking whether [a subpoena recipient] objected to the subpoena in a timely fashion."); *City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008).

Regardless, the Court in its discretion "*may, on motion*, quash or modify the subpoena if it requires . . . disclosing a trade secret or confidential research, development, or commercial information . . . ." Fed. R. Civ. P. 45(d)(3)(B)(i) (emphasis added). Those circumstances apply here. In that context, Rule 45(d)(3)(C) provides that "the court may, *instead* of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." Fed. R. Civ. P. 45(d)(3)(C) (emphasis added). Thornburg says Defendants "ha[ve] not made any arrangements to financially compensate Thornburg for his time to gather

5

these documents," Mot. [67] at 2, but he again offers no support for his assertions. That said, Rule 45(d)(3)(C) authorizes reasonable compensation, and the Court finds that Thornburg may file a motion seeking reasonable compensation for complying with the subpoena within 14 days of the Court's order.

### III.    Conclusion

The Court, therefore, denies Thornburg's Motion to Quash and his Motion to Strike. The Court will, however, allow Thornburg 14 days to move for his reasonable costs of compliance. Additionally, the Court orders that Thornburg shall comply with the subpoena and hereby compels him to produce the requested documents to Defendants either by email to Defendants' counsel no later than 5:00 pm on September 23, 2024, or by producing them in-person at the start of Thornburg's deposition set for September 24, 2024.

The Court further orders that all documents produced by Thornburg in response to Defendants' subpoena, including all copies, excerpts, and summaries, as well as any testimony by Thornburg regarding the documents, shall be subject to the limitations and protections set forth in the separate Protective Order attached to this order.

**SO ORDERED AND ADJUDGED** this the 20th day of September, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE
